IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-214-D
No. 5:14-CV-368-D

| | |
|---|---|
| EBONY SHABAKA SHANIQUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 24, 2014, Ebony Shabaka Shanique ("Shanique") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 228-month sentence [D.E. 33]. On November 10, 2014, the government moved to dismiss Shanique's section 2255 motion [D.E. 39] and filed a memorandum in support [D.E. 40]. On February 23, 2015, Shanique responded in opposition [D.E. 47]. As explained below, the court grants the government's motion to dismiss and dismisses Shanique's section 2255 motion.

I.

On November 7, 2005, Shanique pleaded guilty, pursuant to a written plea agreement [D.E. 10], to conspiracy to knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Rule 11 Tr. [D.E. 48] 27; [D.E. 9, 10]. On March 20, 2006, at Shanique's sentencing hearing, the court found that Shanique was a career offender based on two felony convictions for a crime of violence and two felony convictions for a controlled substance offense. See Presentence Investigation Report ("PSR") ¶¶ 16, 17, 18, 19, 58; U.S.S.G. § 4B1.1. The court calculated Shanique's advisory guideline range to be 262 to 327 months' imprisonment based on a total offense level of 34 and a criminal

history category of VI. See id. ¶ 63. The court then granted the government's motion under U.S.S.G. § 5K1.1. See [D.E. 11]. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Shanique's allocution, the court sentenced Shanique to 228 months' imprisonment. See [D.E. 16]. The court entered judgment on March 30, 2006. See [D.E. 16].

Shanique did not appeal, and his time to do so expired on April 13, 2006. See Fed. R. App. P. 4(b)(1)(A)(i). On June 24, 2014, Shanique filed his section 2255 motion. See [D.E. 33]. Shanique alleges that he should not have been sentenced as a career offender because his South Carolina conviction for assault and battery of a high and aggravated nature is no longer a "a crime of violence" due to United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013), and his two controlled substance offenses are no longer felonies due to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 37]. On November 10, 2014, the government moved to dismiss the motion as untimely, as procedurally defaulted, and as barred by the waiver in Shanique's plea agreement. See [D.E. 40] 2–5.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss

2

into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

First, the government argues that Shanique's section 2255 motion is untimely. Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); Johnson v. United States, 544 U.S. 295, 299–30 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

As for section 2255(f)(1), Shanique filed his section 2255 motion on June 24, 2014, more than eight years after his judgment of conviction became final. Thus, Shanique's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012).

As for section 2255(f)(3), Shanique argues that his section 2255 motion is timely under section 2255(f)(3) due to the Supreme Court's decision in Descamps v. United States, 133 S. Ct.

3

2276 (2013), and the Fourth Circuit's decision in United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013). In Descamps, the Supreme Court held that courts may not apply the modified categorical approach under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), when the defendant's underlying crime of conviction had a single, indivisible set of elements. See Descamps, 133 S. Ct. at 2283–93. In Hemingway, the Fourth Circuit held that a defendant's 2002 South Carolina conviction for the common law crime of assault and battery of a high and aggravated nature is not categorically a predicate "violent felony" under the ACCA. See Hemingway, 734 F.3d at 326.

Section 2255(f)(3) provides Shanique no relief because Descamps and Hemingway announced purely procedural rules that do not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); Ezell v. United States, 778 F.3d 762, 765–66 (9th Cir. 2015) (holding that Descamps is not retroactively applicable to cases on collateral review); In re Jackson, 776 F.3d 292, 296 (5th Cir. 2015) (per curiam) (same); Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753 (11th Cir. 2014) (per curiam) (unpublished) (same); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014) (unpublished) (same); Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014) (same); Glover v. Fox, 550 F. App'x 592, 593–96 (10th Cir. 2013) (unpublished) (same); Robinson v. United States, No. 4:10-CR-599-RBH-1, 2015 WL 1524406, at *6 (D.S.C. Apr. 3, 2015) (unpublished) (holding that Hemingway is not retroactively applicable to cases on collateral review); Mason v. Thomas, No. 0:14-CV-2552-RBH, 2014 WL 7180801, at *4 (D.S.C. Dec. 16, 2014) (unpublished) (same); United States v. Mitchell, Nos. 3:03cr57/LC/CJK, 3:14cv313/LC/CJK, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (unpublished) (collecting cases holding that Descamps is not retroactively applicable to cases on collateral review). Accordingly, Shanique's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(3).

As for section 2255(f)(4), Shanique argues that he filed his section 2255 motion within one year of the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). However, Descamps, Hemingway, and Simmons are not "facts" within the meaning of section 2255(f)(4). See, e.g., Whiteside, 775 F.3d at 183–84. Thus, section 2255(f)(4) does not help Shanique.

As for equitable tolling, section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); Whiteside, 775 F.3d at 184–86; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649–54. Shanique has not plausibly alleged such extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 775 F.3d at 184–86; United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished). Accordingly, the court grants the government's motion to dismiss Shanique's section 2255 motion as untimely.

Alternatively, the appellate waiver in Shanique's plea agreement bars Shanique's claim. In his plea agreement, Shanique agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting a[] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Shanique] at the time of [his] guilty plea." Plea Agreement [D.E. 10] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the

5

waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At Shanique's Rule 11 hearing, Shanique stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 15, 23, 25–26. Shanique also swore that he understood the charge to which he was pleading guilty and understood the maximum penalties provided for that charge, including a minimum of 120 months' imprisonment and a maximum of life. See id. 20–21. Shanique also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 20–23. Shanique also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Shanique and the government. See id. 23–24. The court then read Shanique's appellate waiver aloud to him, and Shanique swore that he understood the rights he was giving up in the waiver. See id. 24–25. Shanique also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline

6

range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of life imprisonment. See id. 25–26.

At the end of his Rule 11 hearing, Shanique pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 27–28. The court then accepted Shanique's guilty plea. See id. 28–29.

In light of the Rule 11 colloquy, Shanique's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169. In his waiver, Shanique agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Shanique] at the time of [his] guilty plea." Plea Agreement ¶ 2.c. Shanique's claim that he is not a career offender falls within the scope of his appellate waiver. See Copeland, 707 F.3d at 528–30. Accordingly, the court enforces Shanique's waiver and dismisses his claim.

Alternatively, Shanique procedurally defaulted his claim. Notably, Shanique failed to raise this claim on direct appeal. Thus, the general rule of procedural default bars Shanique from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Shanique has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

7

Alternatively, the alleged misapplication of the career-offender guideline does not amount to a miscarriage of justice warranting relief under 28 U.S.C. § 2255. See, e.g., United States v. Foote, No. 13-7841, 2015 WL 1883538, at *8–12 (4th Cir. Apr. 27, 2015). Notably, when this court sentenced Shanique, the guidelines were advisory, and Shanique received a sentence that was below the statutory maximum. Indeed, the sentence was below the advisory guideline range calculated at sentencing. On these facts, Shanique cannot obtain relief under section 2255. See, e.g., id.

After reviewing Shanique's motion, the court determines that reasonable jurists would not find the court's treatment of Shanique's motion debatable or wrong, and that it does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 39], DISMISSES Shanique's section 2255 motion [D.E. 33], and DENIES a certificate of appealability. The clerk shall close the case

SO ORDERED. This 4 day of May 2015.

JAMES C. DEVER III
Chief United States District Judge

8

Case 5:05-cr-00214-D Document 49 Filed 05/04/15 Page 8 of 8