IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-214-D

| UNITED STATES OF AMERICA | ) |  |
| --- | --- | --- |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| EBONY SHABAKA SHANIQUE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

On September 23, 2020, Ebony Shabaka Shanique ("Shanique" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 87]. On January 22, 2021, Shanique, through counsel, filed a memorandum and exhibits in support of his motion for compassionate release [D.E. 94, 94-1–98-4]. On February 5, 2021, the government responded in opposition and filed exhibits in support [D.E. 98, 98-1–98-2]. As explained below, the court denies Shanique's motion.

I.

On November 7, 2005, pursuant to a written plea agreement, Shanique pleaded guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack). See [D.E. 9, 10]; [D.E. 48] 27. On March 20, 2006, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 15, 16, 84]. After overruling Shanique's objections, the court calculated Shanique's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See PSR [D.E. 84] ¶¶ 52–63; [D.E. 49] 1–2. After granting the government's

downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. 3553(a), the court sentenced Shanique to 228 months' imprisonment. See [D.E. 16] 2. Shanique did not appeal.

On June 4, 2009, Shanique moved for a sentence reduction under 18 U.S.C. § 3582(c). See [D.E. 19]. On June 9, 2009, the court denied Shanique's motion. See [D.E. 20]. Shanique appealed. See [D.E. 21]. On October 2, 2009, the United States Court of Appeals for the Fourth Circuit dismissed Shanique's appeal for failure to prosecute. See [D.E. 25].

On June 24, 2014, Shanique moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 33]. On November 10, 2014, the government moved to dismiss. See [D.E. 39]. On February 23, 2015, Shanique responded in opposition. See [D.E. 47]. On May 4, 2015, the court granted the government's motion to dismiss and denied a certificate of appealability. See [D.E. 48]. Shanique did not appeal.

On May 29, 2019, Shanique moved for reduction of sentence under section 404 of the First Step Act. See [D.E. 58]. On June 12, 2019, the government responded in opposition. See [D.E. 63]. On June 29, 2019, Shanique replied. See [D.E. 65]. On April 3, 2020, the court denied Shanique's motion for reduction of sentence. See [D.E. 80]. On April 6, 2020, Shanique appealed. See [D.E. 81]. On October 27, 2020, the Fourth Circuit affirmed this court's order denying Shanique's motion. See United States v. Shanique, 827 F. App'x 358, 359 (4th Cir. 2020) (per curiam) (unpublished).

On September 12, 2019, Shanique moved pro se for release from custody. See [D.E. 72]. On April 2, 2020, the court denied Shanique's motion. See [D.E. 78]. Shanique did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a

2

sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, No. 20-7009, 2021 WL 1216543, at *3–4 (4th Cir. Apr. 1, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 2021 WL 1216543, at *3–4. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

5

On July 7, 2020, Shanique submitted a compassionate release request to the warden, which the warden denied on July 16, 2020. See [D.E. 87-1, 87-2]. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Shanique's claim on the merits.

Shanique seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Shanique cites the COVID-19 pandemic and his medical conditions, including asthma, hypertension, sleep apnea, and complications from a gunshot wound. See [D.E. 87] 1–2; [D.E. 94] 1, 6–11; [D.E. 94-2]. Shanique also cites the conditions at USP Canaan, his rehabilitation efforts, his release plan, his age (47), and that he has served 85 percent of his sentence. See [D.E. 87] 1–2; [D.E. 94] 1, 6–12.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Shanique states that he suffers from asthma, hypertension, sleep apnea, and gunshot-wound complications, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Shanique serves his sentence. Accordingly, reducing Shanique's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the conditions at USP Canaan, and Shanique's medical conditions, age, rehabilitation efforts, release plan, and that he has served 85 percent of his sentence are extraordinary

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Shanique's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 2021 WL 1216543, at *4–5; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Shanique is 47 years old and engaged in serious criminal conduct from 2004 to 2005. See PSR ¶¶ 8–12. As a member of a drug trafficking conspiracy in Fayetteville, North Carolina, Shanique purchased and sold large quantities of cocaine and cocaine base (crack). See id. Shanique ultimately was accountable for 11.97 kilograms of cocaine powder and 850.5 grams of cocaine base (crack). See id. Shanique also is a violent recidivist with convictions for assault and battery of high and aggravated nature, aggravated assault, possession with intent to manufacture/sell/deliver cocaine, manufacture cocaine, conspiracy to possess with the intent to manufacture/sell/deliver cocaine, possession with intent to sell and deliver marijuana, possession of controlled substance on prison/jail premises. PSR ¶¶ 16–21. See id. ¶¶ 34–38. Moreover, Shanique has performed poorly on supervision. See id. ¶ 18. Although Shanique has taken some positive steps while incarcerated, he has sustained an incredible 34 infractions. The infractions are for fighting with another person (four infractions), being absent from assignment (three infractions), refusing to obey an order (four infractions), possessing unauthorized item (two infractions), assaulting without serious injury, possessing a non-hazardous tool (two infractions), phone abuse-disrupt monitoring (two infractions), disruptive conduct-moderate, giving money without authorization, phone abuse-criminal, exchanging money for contraband, conducting a business without authorization, mail abuse-no circumvention,

7

being insolent to staff member (four infractions), disruptive conduct-greatest, interfering with security devices, refusing work-program assignment, failing to stand count, threatening bodily harm, and possessing intoxicants. See [D.E. 94] 11; [D.E. 98-1].

The court has considered Shanique's potential exposure to COVID-19, the conditions at USP Canaan, and Shanique's age, his medical conditions, his rehabilitation efforts, his release plan, and that he has served 85 percent of his sentence. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Shanique's arguments, the government's persuasive response, Shanique's serious misconduct in prison, and the need to punish Shanique for his serious criminal behavior, to incapacitate Shanique, to promote respect for the law, to deter others, and to protect society, the court declines to grant Shanique's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Shanique's request for home confinement, Shanique seeks relief under the CARES Act. See [D.E. 87] 2. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the

court dismisses Shanique's request for home confinement.

II.

In sum, the court DENIES Shanique's motion for compassionate release [D.E. 87], and DISMISSES Shanique's request for home confinement.

SO ORDERED. This 13 day of May 2021.

                                                JAMES C. DEVER III
                                                United States District Judge